1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   BOBBY D. WILLIAMS,
                                                    No. C 14-00760 WHA
11              Plaintiff,

12      v.

13   BOBBIE J. STITT, and STANLEY AND            **ORDER RE MOTION TO**
     HEATHER FITCH,                              **DISMISS, REQUEST FOR**
14                                               **JUDICIAL NOTICE, AND**
                Defendants.                      **MOTION FOR LEAVE TO FILE**
15   _____/          **THIRD AMENDED COMPLAINT**

16

17                                **INTRODUCTION**

18          In this action contesting title to real property, two defendants move to dismiss plaintiff's

19   second amended complaint under Federal Rule of Civil Procedure 12(b)(6), and request judicial

20   notice of certain documents.  Plaintiff, in turn, moves for leave to file a third amended complaint.

21   To the extent stated below, the motion to dismiss is **GRANTED**.  The request for judicial notice is

22   **DENIED AS MOOT**.  Finally, the motion for leave to file a third amended complaint is **DENIED**.

23                                 **STATEMENT**

24          This action challenges the title and ownership of certain real property and the trust by

25   which that property reportedly changed ownership.  In brief, plaintiff's second amended

26   complaint claims that defendant Bobbie J. Stitt intentionally interfered with his inheritance from

27   his father — the deceased Gomez Williams ("Gomez") — of real property located on Ingalls

28   Street in San Francisco.  Plaintiff also asserts title to the Ingalls property superior to that of

     defendants Heather and Stanley Fitch, to whom Stitt allegedly conveyed the property.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    The following well-pled facts are taken from the second amended complaint.  On July 25,

2  2002, Gomez made a written declaration of The Gomez Williams Revocable Trust and

3  incorporated the trust into his last will and testament.  The trust directed the trustee to distribute

4  all of the trust property to plaintiff, save one automobile.  In addition, on July 25, 2002, and

5  recorded on March 4, 2003, Gomez transferred the Ingalls property to the trustee of the trust by

6  grant deed for the benefit of plaintiff (Second Amd. Compl. ¶¶ 11–12, 16).

7    Subsequently, however, on September 26, 2006, Gomez amended the trust for the benefit

8  of Stitt.  Gomez died on January 11, 2010.  On September 16, 2010, Stitt signed a purported

9  grant of the Ingalls property to herself as a single person through her capacity as grantor and

10  successor trustee of the amended trust.  Stitt then conveyed the Ingalls property to the Fitches by

11  grant in December 2012.  Plaintiff challenges the amendment to the trust benefitting Stitt, as well

12  as the subsequent transfer of the Ingalls property to the Fitches (*id*. at ¶¶ 17–18, 22, 24, 30).

13    Now, the Fitches move to dismiss the second amended complaint for failure to state a

14  claim on two grounds:  (1) the Fitches are bona fide purchasers who were entitled to rely on

15  Stitt's authority as trustee; and (2) in any event, the statute of limitations for challenging the trust

16  has expired.  The Fitches also request judicial notice of certain documents pertaining to the

17  creation and administration of the trust.  In addition, plaintiff moves for leave to file a third

18  amended complaint.  Following full briefing and oral argument, this order decides all motions

19  and requests below.

20                                        **ANALYSIS**

21    **1.    MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE.**

22    This order finds that the claims pled are barred by the applicable statute of limitations.

23  Specifically, under Section 16061.8 of the California Probate Code, no person subject to proper

24  notice under Section 16061.7 (emphasis added):

25          [M]ay bring an action to contest the trust *more than 120 days from
            the date the notification by the trustee is served upon him or her*, or
26          60 days from the day on which a copy of the terms of the trust is
            mailed or personally delivered to him or her during that 120-day
27          period, *whichever is later*.

28

Section 16061.7, in turn, provides that a trustee must provide notice to the beneficiaries and heirs when a revocable trust becomes irrevocable after the settlor of the trust dies. Section 16061.7 also prescribes the method for providing notice to beneficiaries and heirs, including specific wording pertaining to the applicable 120-day statute of limitations.

It is clear that more than 120 days have passed since plaintiff received notification from the trustee. The second amended complaint concedes that written notice of the administration of the amended trust was received on February 23, 2010. On its face, the Fitches' copy of the written notice appears to meet the statutory requirements under Section 16061.7. Plaintiff stated at oral argument that he made no prior attempt to challenge the trust's amendment or its final administration. Plaintiff filed his original complaint on February 19, 2014, almost four years after receiving notice of the trust's administration. The purpose of the 120-day statute of limitations under Sections 16061.7 and 16061.8 is to avoid the situation we find ourselves in now. The motion to dismiss the second amended complaint is **GRANTED**. There is no need to consider whether the Fitches quality as bona fide purchasers. Additionally, in light of this order granting defendants' motion to dismiss, defendants' request for judicial notice is **DENIED AS MOOT**.

## 2. MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT.

Federal Rule of Procedure 15(a) states that a court should "freely give leave" to amend a complaint "when justice so requires." Leave to amend may be denied, however, when a plaintiff merely restates prior claims under new labels when the factual basis for the claims is unchanged. *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986). Leave to amend may also be denied if amendment would be futile. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The issue presented is whether plaintiff's proposed third amended complaint presents underlying facts or circumstances that may be a proper subject of relief and are sufficiently distinct from those presented in plaintiff's previous complaints.

The proposed third amended complaint is founded on the same core facts as the second amended complaint, but relies on a new theory of relief: that the July 2002 grant deed passing the Ingalls property to The Gomez Williams Revocable Trust was defective. At oral argument, it

3

**United States District Court**
For the Northern District of California

1  emerged that Stitt is institutionalized and is effectively removed from the case.  The third

2  amended complaint thus leaves the Fitches, the current owners of the Ingalls property, as sole

3  defendants.

4       A copy of the grant deed was presented at oral argument, and plaintiff appended a copy

5  to his opposition to the motion to dismiss the second amended complaint.  The recorded grant

6  deed states:

7           FOR A VALUABLE CONSIDERATION, receipt of which is
            hereby acknowledged, Gomez Williams hereby grants to:
8
            Gomez Williams, TRUSTEE,
9           The Gomez Williams Revocable Trust
            DATED: July 25, 2002
10
            the beneficiarie [Sic] of which is the Grantor, the following
11          described real property in the City of San Francisco . . . .

12  Gomez's inclusion of the phrasing on the grant deed indicating the intended beneficiary did not

13  create a defect in the grant deed nor make the exercise testamentary in nature.  Plaintiff's

14  proposed third amended complaint therefore presents a futile theory of recovery.

15       The Fitches have full and proper title to the Ingalls property.  The motion for leave to

16  amend is **DENIED**.

### CONCLUSION

18       For the reasons set forth above, defendants' motion to dismiss for failure to state a claim

19  is **GRANTED**.  Defendants' requests for judicial notice is **DENIED AS MOOT**.  Plaintiff's motion

20  for leave to file a third amended complaint is **DENIED**.  This case is over in the district court,

21  subject only to appeal.

23       **IT IS SO ORDERED.**

25  Dated:  September 5, 2014.

            _____
            WILLIAM ALSUP
            UNITED STATES DISTRICT JUDGE

4